JOHN C. HUMPHREY *versus* THOMAS WARREN & *al.*, AND WM. WOODBURY, *Trustee.*

Where one summoned as trustee declines to answer interrogatories that relate to matters with the principal defendant, occurring since the service of the writ, and which he states, in his disclosure, are in no way connected with his transactions with such defendant, prior to the service on him, such refusal to answer will not be considered a sufficient reason for charging him as trustee.

THIS case is presented on plaintiff's EXCEPTIONS to the order of DAVIS, J., at *Nisi Prius*, discharging the trustee on his disclosure. The alleged trustee made the general declaration that he had in his hands no goods, &c., and submitted himself to examination. During the examination, the plaintiff's counsel proposed interrogatories which the trustee declined to answer, unless the Court should direct him to answer, because (as he states) the transactions concerning which he is inquired of, were long subsequent to the service of the writ upon him in this action, and are in no way connected with any transaction had between him and the principal defendants, at or prior to the time of his being summoned as trustee.

The plaintiff contended that the trustee should be charged or held to answer the questions which had been propounded.

*Barrows,* in support of the exceptions, argued : —

1. The policy of the law concerning foreign attachment is to render the effects and credits of the principal debtor in the hands of the trustee available for the benefit of the creditor, and the law should receive a liberal construction in furtherance of this object. *Whitney* v. *Monroe & trustee,* 19 Maine, 44.

The general denial of liability by a trustee is in the nature of a plea, and is subject to a full subsequent investigation by question and answer. The trustee has every advantage that an honest man could possibly require, and is and *should be* held to make a full disclosure of the true business relations

between himself and the defendants. If he fails to do so he is chargeable. *Toothaker* v. *Allen & trustee,* 41 Maine, 324.

It is not for him to set up rights or draw conclusions as to matters of law, but he is to disclose all the facts, so that the Court may be enabled to do so understandingly, and, admitting property of the principal defendant in his hands, it must clearly appear from his answers, independent of any general assertions and conlusions of his own, that he has claims to an equal amount before he can be discharged. *Lamb* v. *Franklin Manuf'g Co. & trustee,* 18 Maine, 188; *Webster* v. *Randall & trustee,* 19 Pick. 19.

The Court will not direct the trustee what questions to answer, but he acts at his peril in refusing to answer. *Smith* v. *Cahoon,* 37 Maine, 288.

2. Although the trustee's liability in general depends upon the state of facts existing when the trustee process is served, it is not always strictly so, but the liability may be greatly modified or increased, and in some cases depend entirely upon matters occurring subsequent to the service of the process. *Smith* v. *Stearns,* 19 Pick. 23.

Suppose the trust fund is in the hands of the trustee to secure a debt due to him from the principal defendants. Is the payment of that debt or the putting into his hands by the debtors of other property, and out of which he might and ought to have discharged the debts, although done after the service of the trustee process, immaterial in settling the question of his liability? Is the payment of large sums by the trustee, to and for the principal debtors, subsequent to the service of the trustee process, immaterial, when considered as denoting the character of the transactions between them? *Nealley* v. *Ambrose & trustee,* 21 Pick. 185.

3. Upon the foregoing principles and rules, the evasions and refusals to answer of the trustee in this case, and his replies to the interrogatories, are unjustifiable, and, not having made a full disclosure of the business relations between himself and the principal defendants, he is not entitled to his discharge. When asked what property and funds of the

principal defendants have come to his hands, and upon what consideration, since the service of the trustee process, and what sums he has paid to or for them since that time, he gives in reply only his own, or his counsel's legal conclusion, that those matters have nothing to do with the case. He should have stated the facts and circumstances of those transfers and payments, in order that the Court might judge.

Suppose it should turn out, upon full answers given to those questions, that the property placed in his hands by the principal defendants, subsequent to the service of the process, was made over to him without an adequate or full consideration, or upon some such plan as is developed in *Hooper* v. *Hills* and *trustee,* 9 Pick. 435; would not the Court say that he ought to have applied those funds to the discharge of the lien which he had upon the property that was in his hands at the time of the service of the process, and that the plaintiff here is entitled to the benefit of that reduction?

4. I maintain that, having admitted property of the defendants in his hands, and not having disclosed fully all the facts and circumstances necessary for the Court to determine whether he has just and legal claims against them to an equal amount, but having preferred to substitute his own legal conclusions for such full statement, the presumptions are all against him, and he should stand charged for the amount of the plaintiff's judgment, unless he can clear himself on *scire facias.* At all events, to *discharge* him on this disclosure was erroneous.

*Fessenden & Butler,* for trustee.

The opinion of the Court was drawn up by

MAY, J. — The trustee in this case, after making his introductory and general answer, distinctly affirms that, at the time of the service of the writ upon him, he had no goods, effects or credits belonging to the principal defendants, in his hands or possession. A close, and somewhat protracted examination into the business transactions subsisting between him and the defendants, at the time of such service, as well

as into the final result of such transactions, has failed to show any error in this statement. It is not now contended that the trustee ought to be charged upon the facts which are stated in his disclosure; but it is urged that his omission or refusal to answer certain interrogatories propounded to him is wholly unjustifiable, and that, for this reason, he is not entitled to be discharged. These interrogatories are found to relate wholly to transactions which occurred long after the service of the writ upon the trustee, and, which he states unequivocally, have no connection with any transactions which existed at the time of such service. His answers, so far as given, are neither vague nor equivocal. He declines to answer further, simply because the matters and things inquired about have no connection with any business or liabilities which existed between him and the defendants, when the writ was served. This case, therefore, differs widely from that of *Toothacre* v. *Allen & al.* and *trustee,* 41 Maine, 324, cited in the argument, in which there was no distinct and positive denial of liability, except in that part of the trustee's answer, which, being introductory, was properly regarded as in the nature of a plea. There, the subsequent statement of existing facts, left the trustee's liability in a state of some uncertainty. Under such circumstances, it was very properly decided that a neglect to give, upon inquiry, the state of the accounts between him and the principal defendant, as they existed when the service of the writ was made, without assigning a sufficient reason for such neglect, was a proper basis on which the trustee should be charged.

Whether the subsequent matters in the present case had any relation to, or connection with transactions which existed at the time of, and prior to the service of the writ, may properly be regarded as a matter of fact, and such relation or connection having been fully denied by the trustee, no reason is perceived why the trustee, upon his whole disclosure, should not be discharged. *Exceptions overruled.*

TENNEY, C. J., HATHAWAY, GOODENOW, and DAVIS, J. J., concurred.